1  David J. Gottesman (Trial Counsel) (Illinois Bar No. 6182719)
   (gottesmand@sec.gov)
2  Frederick L. Block (blockf@sec.gov)
   Robert A. Cohen (cohenr@sec.gov)
3  Melissa R. Hodgman (hodgmanm@sec.gov)

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  100 F Street, N.E.
   Washington, DC 20549-4030
6  Telephone:  (202) 551-4470 (Gottesman)
   Facsimile:  (202) 772-9245 (Gottesman)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>KIMON P. DAIFOTIS and RANDALL MERK,<br><br>        Defendants. | Case No. CV-11-0137 WHA<br><br>**PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO:**<br><br>**(A) DEFENDANT DAIFOTIS'S MOTION TO STRIKE (1) ALLEGATIONS OF RECKLESS AIDING AND ABETTING AND (2) PRAYER FOR DISGORGEMENT; AND**<br><br>**(B) DEFENDANT MERK'S MOTION TO STRIKE** |

Plaintiff, the United States Securities and Exchange Commission ("SEC") submits this consolidated opposition to the following Motions to Strike filed by the Defendants:

(A) Defendant Kimon P. Daifotis's ("Daifotis") Motion to Strike (1) Allegations of Reckless Aiding and Abetting, and (2) Prayer for Disgorgement ("Daifotis Mo. to Strike"); and

(B) Defendant Randall Merk's Motion to Strike, and supporting memorandum of points and authorities ("Merk Mo. to Strike").

**INTRODUCTION**

Because of the overlapping nature of the Defendants' Motions to Strike, the SEC responds to both motions in this consolidated response. Both motions to strike should be denied. The motions ask the Court to strike the SEC's request for disgorgement in its prayer for relief because the Complaint does not allege facts showing that the Defendants received ill-gotten gains. The weight of authority holds that SEC complaints do not have to allege facts demonstrating that disgorgement (or any other particular remedies) are proper. Those allegations need not be asserted at the pleading stage.

Daifotis's Motion to Strike asks the Court to strike all of the Complaint's references to recklessness because, Daifotis claims, such claims are not relevant to aiding-and-abetting claims. That request should be denied because recklessness is the proper standard for scienter for a number of the primary violations alleged in the Complaint.

**ARGUMENT**

**I. MOTIONS TO STRIKE ARE DISFAVORED AND MUST MEET STRINGENT STANDARDS**

"Rule 12(f) motions to strike are disfavored and generally should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the

litigation." *Castaneda v. Burger King Corp.,* 597 F. Supp. 2d 1035, 1046 (N.D. Cal. 2009), citing *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004); *Lliley v. Charren,* 936 F.Supp. 708, 713 (N.D. Cal. 1996) (same), citing *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

Moreover, "[m]otions to strike are regarded with disfavor as they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Lilley,* 936 F.Supp. at 713. Daifotis's and Merk's Motions to Strike fail under the above standards.

## II. THE PRAYER FOR RELIEF'S REQUEST FOR DISGORGEMENT IS PROPER

The Complaint's prayer for relief (pages 55-56) contains a routine request that the Court "[o]rder Daifotis and Merk to disgorge any ill-gotten gains, including prejudgment interest." Daifotis and Merk argue that because the Complaint does not allege that they actually received ill-gotten gains, the request for disgorgement should be stricken.

As support, Daifotis and Merk rely on only one SEC case, *SEC v. Berry,* No. C 07-04431 RMW, 2008 U.S.Dist. LEXIS 65914, at *28, 2008 WL 4065865 (N.D. Cal. Aug. 27, 2008). *Berry* involved claims over backdating stock options. The court held that the complaint did not allege that the defendant actually exercised any options and thus did not allege that the defendant was unjustly enriched. On that basis, the court struck the request for disgorgement. 2008 WL 4065865, at *9-10.

Notably absent from the *Berry* decision was any citation to legal authority requiring the SEC to recite facts supporting disgorgement, or for striking a request for disgorgement. 2008 WL 4065865, at *9-10.

The weight of authority is to the contrary of the *Berry* decision, for most courts hold that SEC complaints need not allege facts proving entitlement to the relief sought. For example, in *SEC v. Kara,* No. C 09-01880 MHP, 2009 WL 3400662, at *5 (N.D. Cal. Oct. 20, 2009), the defendants alleged that the SEC's complaint "has not alleged facts" establishing that the SEC was entitled to another form of relief, i.e., an injunction. In particular, the SEC's complaint did not allege facts showing that defendants were likely to commit future violations of the securities laws, which is necessary for entitlement to an injunction. *Id.* The court rejected the argument, stating, "[a]lthough the SEC has the burden of showing that there is a reasonable likelihood of future violations, they have not yet been given a full opportunity to meet that burden." *Id. See SEC v. C. Jones & Co.,* 312 F. Supp. 2d 1375, 1382 (D. Colo. Jan 30, 2004) (SEC need not at pleading stage set forth facts justifying injunctive relief).

A number of courts have specifically held that SEC complaints seeking disgorgement need not allege the facts supporting such relief. *See SEC v. Delphi,* No. 06-14891, 2008 WL 4539519, at *11 (E.D. Mich. Oct. 8, 2008) (where defendants sought to dismiss SEC's complaint for failing to allege facts supporting disgorgement claim, court denied the motion as premature and "untimely" because "none of the defendants have been found liable for any securities law violation"); *SEC v. Hopper,* No. Civ. A. H-04-1054, 2006 WL 778640, at *16 (S.D. Tex. Mar. 24, 2006) (rejecting as premature the defendants' argument that the SEC's complaint did not allege facts supporting disgorgement); *SEC v. Buntrock,* No. 02 C 2180, 2004 WL 1179423, at *3 (N.D. Ill. May 25, 2004) (same).

Merk cites several other cases, but they are inapposite. Merk Mo. to Strike at 1-2. In *Santa Clara Valley Water Dist. v. Olin Corp.,* 2007 WL 2890390, at *5 (N.D. Cal. 2007), the court struck a request for punitive damages because the statute under which plaintiff brought the case did not allow for such damages. Thus, as a matter of law, such damages

were unavailable, so striking the request was proper. That principle is inapplicable in the present case, in which disgorgement is an available remedy under applicable law. *See SEC v. Platforms Wireless Intern. Corp.,* 617 F.3d 1072, 1096 (9th Cir. 2010) (disgorgement is a proper remedy for violation of the securities laws).

In *Nichia Corp. v. Seoul Semiconductor Ltd.,* No. C-06-0162, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006), a patent infringement case, the court struck a request for treble damages because the complaint did not allege willfulness. *Nichia* cannot overcome the more apposite SEC cases cited above.

Merk argues that motions to strike help avoid litigating "spurious" issues. Merk Mo. to Strike at 2. Merk cites two cases in support of that argument, neither of which involved striking a complaint's request for relief. *See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 884-85 (9th Cir. 1983) (addressing propriety of striking a motion for reconsideration), and *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (motions to strike affirmative defenses). There is nothing "spurious" about the SEC's request for disgorgement. As indicated by the many SEC cases cited above, the time to allege and prove facts regarding disgorgement simply has not arrived yet.

### III. THE ALLEGATIONS OF DEFENDANTS' RECKLESSNESS ARE PROPER

Daifotis's Motion to Strike (at 2) misreads the Complaint. He asserts that the Complaint alleges that Daifotis "'recklessly' aided and abetted" violations of the federal securities laws. *Id.* Daifotis is mistaken, for the Complaint does not allege that aiding-and-abetting liability in this case is based upon reckless conduct.[1] The allegations of recklessness

---

[1] The Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act") [P.L. 111-203, 2010 HR 4173 (July 2010)] clarified a number of aiding-and-abetting provisions of securities laws, including Section 20(e) the Exchange Act, by adding

are simply factual allegations about the nature of Defendants' conduct, and are not tied specifically to the aiding-and-abetting claims.

Nevertheless, Daifotis's Motion to Strike (at 4) claims that "[t]he SEC's recklessness allegations have no place in this litigation and should be stricken from the Complaint." Daifotis's argument fails for two reasons. First, a number of the claims asserted against Daifotis and Merk for primary liability require only a showing of recklessness. Second, a number of the aiding-and-abetting claims include, as one their elements, primary violations for which recklessness is the proper standard. Accordingly, factual allegations of recklessness are relevant.

### A. Recklessness Is the Proper Standard for Various of the Charges Against Defendants

A number of the claims asserted against Daifotis and Merk for primary liability require only a showing of recklessness. Even Daifotis has not challenged the fact that recklessness is the proper standard for scienter for *primary* violations of a number of the securities laws upon which the Complaint is based. Settled law in the Ninth Circuit provides that recklessness is sufficient to constitute scienter under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]. *Vernazza v. SEC,* 327 F.3d 851, 860 (9th Cir. 2003) (claims under Section 10(b), Rule 10b-5 and Section 17(a)(1) "may be supported by 'knowing or reckless conduct'" (citing *Nelson v. Serwold,* 576 F.2d 1332, 1337 (9th Cir. 1978)).

---

the word "recklessly" as a sufficient level of scienter (*see* Section 929O of the Dodd-Frank Act). Without conceding that such provisions of the Dodd-Frank Act do not apply to conduct predating the statute's enactment, in this particular case, the SEC is not arguing that recklessness is the standard for aiding-and-abetting claims, so the Court need not address that issue.

The Complaint's First and Third Claims for relief, respectively, charge Defendants with violations of the securities laws cited above. Therefore, the Complaint's allegations of recklessness are directly relevant to those claims in the Complaint and should not be stricken.[2]

### B. Recklessness Is the Proper Standard for Primary Violations Upon Which Various of the Aiding and Abetting Claims Are Based

A number of the aiding-and-abetting claims in the Complaint are predicated upon primary violations with respect to which recklessness is sufficient to prove scienter. Recklessness therefore is a proper allegation with regard to those claims.

One of the elements for aiding-and-abetting liability is the existence of a primary violation of the securities laws. *SEC v. Fehn,* 97 F.3d 1276, 1288 (9th Cir. 1996). Two of the Complaint's aiding-and-abetting claims involve primary violations that require only a showing of recklessness. The Second Claim charges Defendants with aiding and abetting violations of Exchange Act Section 10(b) and Rule 10b-5. As discussed above, recklessness is sufficient scienter for those claims. The Fourth Claim charges Merk (but not Daifotis) with aiding and abetting violations of Section 206(1) of the Investment Advisers Act ("Advisers Act") [15 U.S.C. § 80b-6(1)].[3] Recklessness is sufficient for a primary violation of Section

---

[2] Other claims in the Complaint require a lesser degree of scienter or no scienter for primary violations. Claims under Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)] (included in the Second Claim for Relief) require only the lesser standard of negligence. *SEC v. Phan*, 500 F.3d 895, 908 (9th Cir. 2007). Claims under Section 34(b) of the Investment Company Act of 1940 [15 U.S.C. §80a-33(b)] (the Sixth Claim for Relief) require no scienter. *SEC v. Advance Growth Capital Growth Corp.,* 470 F.2d 40, 52 (7th Cir. 1972) (claims need not be willful).

[3] The Fourth Claim is also based upon aiding and abetting violation of Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)], which requires only the lesser showing of negligence for primary violations. *SEC v. SBM Inv. Certificates, Inc.,* No. DKC 2006-0866, 2007 WL 609888, at *16 (Feb. 23, 2007).

206(1). *SEC v. Householder,* No. 02 C 4128, 2002 WL 1466812, at *7 (Jul. 8, 2002); *citing Robin v. Arthur Young & Co.,* 915 F.2d 1120, 1126 (7th Cir. 1990), *Sanders v. John Nuveen & Co.,* 554 F.2d 790, 792 (7th Cir. 1977).

Because recklessness is sufficient to establish a primary violation of the statutes involved in the Second and Fourth Claims, and because establishing a primary violation is an element of aiding-and-abetting liability under those claims, allegations of recklessness are relevant and proper.[4]

**CONCLUSION**

For the foregoing reasons, Daifotis's Motion to Strike and Merk's Motion to Strike should be denied.

DATED: April 28, 2011          Respectfully submitted,

                                        /s/ David J. Gottesman
                                 David J. Gottesman
                                 Frederick L. Block
                                 Robert A. Cohen
                                 Melissa R. Hodgman

                                 Attorneys for Plaintiff
                                 SECURITIES AND EXCHANGE COMMISSION
                                 100 F Street, N.E.
                                 Washington, DC 20549-4030
                                 Telephone: (202) 551-4470 (Gottesman)
                                 Facsimile: (202) 772-9245 (Gottesman)

---

[4] Daifotis's and Merk's recklessness can supply the necessary scienter for those primary violations if, for example, they supplied false information disseminated by others. *SEC v. Johnson,* 565 F. Supp. 2d 82, 91 (D.D.C. 2008) (corporate scienter includes the scienter of those "who furnish information" for the statement at issue). Thus, for example, one Defendant's recklessness could supply the scienter for a primary violation, which the other Defendant then aided and abetted by knowingly providing substantial assistance. Therefore, allegations of recklessness are relevant to the aiding-and-abetting claims in the Second and Fourth Claims.