Laurie Edelstein (Bar No. 164466)
Lee Taylor (Bar No. 243863)
BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, California 94104
Telephone: (415) 563-0600
Facsimile:  (415) 563-0613
ledelstein@bruneandrichard.com
ltaylor@bruneandrichard.com

Susan E. Brune (*pro hac vice*)
David Elbaum (*pro hac vice*)
MaryAnn Sung (*pro hac vice*)
BRUNE & RICHARD LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 668-1900
Facsimile:  (212) 668-0315
sbrune@bruneandrichard.com
delbaum@bruneandrichard.com
msung@bruneandrichard.com

*Attorneys for Randall Merk*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                          Plaintiff,<br><br>      v.<br><br>Kimon P. Daifotis and Randall Merk,<br><br>                          Defendants. | No. 3:11-cv-00137-WHA<br><br>**RANDALL MERK'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE PORTION OF THE COURT'S JUNE 6, 2011 ORDER DENYING HIS MOTION TO DISMISS THE PRIMARY LIABILITY CLAIMS**<br><br>Date:  July 28, 2011<br>Time:  2:00 pm<br>Judge: Hon. William H. Alsup<br><br>Complaint Filed:   January 11, 2011<br>Trial Date:              July 9, 2012 |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2011 at 2:00 pm, or as soon thereafter as the matter may be heard, before the Honorable William H. Alsup, United States District Court, Northern District of California, 450 Golden Gate Street, San Francisco, California, Defendant Randall Merk will, and hereby does, move the Court pursuant to Rules 9(b), 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Civil Local Rule 7-9, and this Court's June 15, 2011 Order, for reconsideration of the portion of the Court's June 6, 2011 order denying, in part, his motion to dismiss those allegations that do not satisfy the new governing standard for primary liability recently announced by the Supreme Court of the United States. The motion is based on this notice of motion and motion, the memorandum of points and authorities set forth below, the papers and pleadings submitted in connection with Mr. Merk's original motion to dismiss filed on April 7, 2011, all other prior papers and pleadings filed in this action, and any other written or oral arguments or documents presented to the Court before the motion is taken under submission.

**STATEMENT OF ISSUES**

1. Whether the Court should reconsider the relevant portions of its June 6, 2011 order in light of the intervening and controlling change in the law announced in *Janus Capital Grp., Inc. v. First Derivative Traders*, No. 09-525, 2011 U.S. LEXIS 4380 (June 13, 2011), and enter an order dismissing or striking the SEC's allegations of primary liability for securities fraud against Mr. Merk based on the challenged statements in the YieldPlus marketing materials or the November 2007 talking points because the SEC's complaint fails to meet the new governing standard for primary liability based on purported misstatements by others.  (Claim One, Section 10(b) of the Exchange Act and Rule 10b-5(b); Claim Six, Section 34(b) of the Investment Company Act ("ICA").)

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

**PRELIMINARY STATEMENT**

The Supreme Court has expressly rejected the Ninth Circuit's "substantial participation" standard – the standard that underlies the SEC's allegations that Mr. Merk is primarily liable for alleged misstatements by others, the parties' motions to dismiss, the oral arguments, and the Court's June 6, 2011 decision.

The SEC's complaint, for example, was tailored to show that Mr. Merk "substantially participated" in the creation of statements issued by others. And applying that standard, the Court found, with two exceptions, that the complaint satisfied the Ninth Circuit's "substantial participation" test.

But now, under the Supreme Court's decision in *Janus Capital Grp., Inc.* v. *First Derivative Traders*, No. 09-525, 2011 U.S. LEXIS 4380 (June 13, 2011), the SEC must meet a far higher, and significantly different, standard to state a plausible claim of primary liability for securities fraud based on alleged misstatements by others. Because the challenged statements in the marketing materials and November 2007 talking points were issued by corporate entities as corporate statements and were not attributed to Mr. Merk personally, the SEC must now allege with particularity facts showing that Mr. Merk had ultimate authority and control over those statements, including their "content and whether and how to communicate it." *Id.* at *13. The complaint contains no such allegations. As a result, the complaint fails to state a plausible claim against Mr. Merk for primary liability based on the marketing materials or the talking points. Indeed, at this point, Mr. Merk does not even have fair notice of the facts that the SEC might claim satisfy the new standard.

As the Court recognized in its June 15, 2011 Order, the Supreme Court's decision in the *Janus* case provides "good cause" for reconsideration. Mr. Merk therefore respectfully requests that the Court reevaluate the SEC's complaint under the new governing standard for primary liability based on the alleged misstatements of others, and on reconsideration, dismiss or strike the allegations of primary liability against Mr. Merk based on the marketing materials and talking points.

**ARGUMENT**

**I.     THE COURT SHOULD RECONSIDER THE PORTIONS OF THE JUNE 6, 2011 ORDER DENYING MR. MERK'S MOTION TO DISMISS THE PRIMARY LIABILITY CLAIMS**

Where, as here, there has been "an intervening change in the controlling law," reconsideration is appropriate. *389 Orange St. Partners* v. *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J* v. *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* Civil L.R. 7-9(b)(2)).

The Court's June 6 Order denying in part Mr. Merk's motion to dismiss the primary liability claims based on alleged misstatements by others applied the then-governing standard of substantial participation reflected in the Ninth Circuit's decisions in *Howard* v. *Everex Sys., Inc.*, 228 F.3d 1057, 1061 n.5 (9th Cir. 2000) and *In re Software Toolworks Inc.*, 50 F.3d 615, 628 n.3 (9th Cir. 1994).[1] Under that rule, a claim of primary liability for securities fraud could be sustained if the complaint alleged with particularity facts showing that the defendant had "substantial participation or intricate involvement" in the preparation of the alleged misstatements. *See* June 6 Order at 7. Applying the "substantial participation" standard, the Court concluded, with two exceptions, that the complaint "adequately alleges that Merk substantially participated in the creation of alleged misstatements" by others. *Id.* at 9-10.[2]

On June 13, however, the Supreme Court issued its decision in *Janus*, adopting a new, and far stricter, standard for stating a claim of primary liability for securities fraud. In *Janus*, the Supreme Court held that one only "makes" a statement within the scope of Rule 10b-5 by "stating it." 2011 U.S. LEXIS 4380, at *12. The Court explained that the phrase "to make any statement" is the approximate equivalent of "to state." *Id.* at 13. "[T]he maker of a statement," therefore, "is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id.* Accordingly, the Supreme Court ruled, contrary

---

[1]   In the June 6 Order, the Court dismissed the primary liability claims for misrepresentations under Section 17(a)(2) and a fraudulent scheme claim under Section 17(a)(1) and (3) and Rule 10b-5(a) and (c). (June 6 Order at 12-14.)

[2]   The two exceptions were the November 2007 Manager's Discussion and an internal email from November 2007. (June 6 Order at 9; Compl. ¶¶ 153, 159.)

1  to the Ninth Circuit's "substantial participation" test, that "[o]ne who prepares or publishes a

2  statement on behalf of another is *not* its maker." *Id.* (emphasis added).  Instead, "in the ordinary

3  case," a statement is made only by the person or entity "to whom it is attributed." *Id.*; *see also id.*

4  at *21 n.11 ("attribution is necessary").  The Court thus adopted a "clean line" test that sharply

5  divides conduct constituting primary liability from secondary liability for aiding and abetting.

6  *Id.* at *14 n.6.

7        Significantly, in holding that the maker of a statement is the person or entity with

8  ultimate authority over the statement, the Court rejected the Government's argument that "make"

9  should be defined as "create," finding that "create" was inconsistent with the text and grammar

10  of Rule 10b-5 as well as the Court's precedents.  *Id.* at *16-17.  And, as the Tenth Circuit

11  recognized in *SEC* v. *Wolfson*, the "creation" test was *more* stringent than the Ninth Circuit's

12  "substantial participation" test.  539 F.3d 1249, 1259 (10th Cir. 2008).

13        Now, under *Janus*, allegations showing a defendant "created" a statement made by others

14  fail to satisfy Rule 10b-5.  2011 U.S. LEXIS 4380, at *16-17.  For example, allegations that a

15  person "provide[d] the false or misleading information that another person put[] into the

16  statement" or that a person otherwise "participat[ed] in the drafting of a false statement" are

17  insufficient as a matter of law to support primary liability for securities fraud.  *Id.* at *17.[3]

18        Because the Ninth Circuit's "substantial participation" test is no longer the governing law

19  and cannot be applied in determining the sufficiency of the SEC's primary claims, the Court

20  should reconsider its June 6 Order relating to the primary liability claims.  *See 389 Orange St.*

21  *Partners*, 179 F.3d at 665.

---

[3] While *Janus* was a private action, the Court's interpretation of the phrase "make any untrue statement" as used in Rule 10b-5 applies equally to an SEC enforcement case.  The central holding in *Janus* does not depend on the type of plaintiff or relief sought; it is based on the plain text of the generally-applicable Rule.  Justice Breyer noted in dissent that the Supreme Court's holding would apply to SEC claims.  2011 U.S. LEXIS 4380, at *38 (Breyer, J., dissenting).

## II. THE SEC CANNOT BASE ITS CLAIMS OF PRIMARY LIABILITY ON CERTAIN ALLEGED FRAUDULENT MISSTATEMENTS (CLAIMS ONE AND SIX)

In opposing Mr. Merk's motion to dismiss the primary liability claims against him, the SEC conceded that its complaint alleges that Mr. Merk personally made only two of the alleged misstatements: the August 2007 Q&A and the certification in the November 15, 2006 registration statement. (Dkt. No. 50 at 5.)[4] Those two statements are not challenged in this motion, although we expect that they will be the subject of a summary judgment motion. The complaint does not allege that Mr. Merk personally made any of the other statements on which the SEC bases its complaint. Nor does it allege facts showing that those statements can otherwise be attributed to him. For example, there are no facts showing that Mr. Merk had "ultimate authority" over the marketing materials relating to the nature and risks of the Fund or its weighted average maturity ("WAM") or over the November 2007 talking points. Instead, the SEC based its claims solely on the now-abrogated theory that Mr. Merk "directly and substantially participated in the preparation of misrepresentations" by others. (Compl. ¶ 60.) But under *Janus*, that theory and the complaint's related allegations regarding the YieldPlus marketing materials and the November 2007 talking points are insufficient as a matter of law to

---

[4] In its June 6 Order, the Court questioned the total number of misstatements alleged in the complaint as supporting a primary misrepresentation claim against Mr. Merk. (June 6 Order at 8-9.) Although the complaint is not entirely clear upon which documents and statements the SEC bases its primary liability claims against Mr. Merk, based on the complaint's allegations, we have identified 15 documents that purportedly contain misstatements: 10 sales and marketing materials issued in 2005-2006 with alleged misstatements regarding the nature of the Fund and its risks (Compl. ¶¶ 49-50, 74(a)-(i)); the August 2007 Q&A (*id.* ¶ 145); three documents from November 2007 (*id.* ¶¶ 149, 153, 159); and the November 2006 registration statement (*id.* ¶ 123). As noted above, in its June 6 Order, the Court dismissed the allegations based on two of the three documents from November 2007 – the November 2007 Manager's Discussion and an internal email.

In addition, the SEC's opposition brief suggested that Mr. Merk is liable for various statements in additional marketing materials relating to the Fund's WAM. (Dkt. No. 50 at 6 (citing Compl. ¶¶ 89, 92-94).) However, none of the cited paragraphs in the complaint concerning the Fund's WAM (or the surrounding section) refer to Mr. Merk.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

state a plausible claim of primary liability and should be dismissed or stricken from the complaint.[5]

### 1. Statements in the YieldPlus Marketing Materials Concerning the Nature and Risks of the Fund

In its June 6 Order, the Court determined that the complaint's allegations regarding the YieldPlus marketing materials issued in 2005 and 2006 and the purported misstatements about the Fund as a "cash alternative" were sufficient to state a claim of primary liability for securities fraud against Mr. Merk because the complaint alleged specific facts about his substantial participation in the creation of various alleged misstatements made by others. (June 6 Order at 9 (citing Compl. ¶¶ 42-44, 46).) But these allegations, which the Court found sufficient to meet the Ninth Circuit's "substantial participation" test, do not state a claim under the new governing law.

As the Court found, the complaint alleges that Mr. Merk, as a member of the Cash Council, directed an effort to highlight YieldPlus on the website and emphasize the stability of its NAV. (June 6 Order at 9 (citing Compl. ¶¶ 42-44, 46).) But nothing in the complaint shows that Mr. Merk "made" these statements within the plain meaning of Rule 10b-5 as interpreted by the Supreme Court in *Janus*. He did not "state" them, and they are not otherwise attributed to him. Instead, they are corporate materials, issued not by the Cash Council but by the Charles Schwab entities. The complaint does not allege any facts showing that Mr. Merk or the Cash Council had ultimate responsibility for the compliance or marketing functions within Schwab. The complaint also says nothing to show that Mr. Merk had ultimate control over the "content and whether and how to communicate" the challenged marketing statements. *Janus*, 2011 U.S. LEXIS 4380, at *13.

---

[5] To state a claim for securities fraud under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and Section 34(b) of the ICA on a primary liability theory, the SEC must allege, with particularity, facts showing that Mr. Merk made a material misstatement or omission, in connection with the purchase or sale of a security, by means of interstate commerce. *SEC* v. *Phan*, 500 F.3d 895, 907-08 (9th Cir. 2007); *SEC* v. *PIMCO Advisors Fund Mgmt. LLC*, 341 F. Supp. 2d 454, 471 (S.D.N.Y. 2004) (requirement that defendant "make" a statement is the same under Section 34(b) as under Rule 10b-5).

Indeed, as noted in Mr. Merk's initial motion papers, the documents cited in the complaint establish that Schwab began marketing YieldPlus as a cash alternative as early as 2005 and included the Fund on a "cash" page on Schwab's website before the Cash Council was formed and before Mr. Merk had any involvement. The SEC thus cannot claim that Mr. Merk made or had "ultimate authority" for those statements. *See Sprewell* v. *Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). The statements were indisputably made by others without Mr. Merk exercising the requisite control or authority under *Janus*. Notably, the complaint does not allege that Mr. Merk replaced anyone who had "ultimate authority" prior to his involvement, or that such authority was in any sense transferred to him when he joined the Cash Council in mid-2006. The marketing materials were corporate statements that were not attributed or attributable to Mr. Merk, and he cannot be held primarily liable for securities fraud based on them.

The SEC's claim based on the marketing statements is further undermined by its concession that it cannot allege Mr. Merk was actually aware of the corporate statements the SEC alleges are misstatements. (Compl. ¶¶ 74, 77.) There can be no plausible inference Mr. Merk had "ultimate authority" over "whether and how to communicate" statements that he did not even know existed or that were issued by others.

The SEC's claim based on the August 1, 2006 press release, which the SEC highlighted at oral argument as one of its strongest, is equally deficient. (June 2, 2011 Tr. at 29-30.) All the SEC alleges is that Mr. Merk was "the source of the idea" for a press release and "saw the draft and the final language." (Compl. ¶ 49.) Those allegations fail to satisfy the *Janus* test. The press release does not quote or attribute any statements to Mr. Merk; instead it specifically quotes other corporate executives. (Dkt. No. 42-8.) Nor does the complaint suggest that Mr. Merk had "ultimate authority" or "control" over the press release. Having an initial idea and reviewing a draft may suggest participation, as the Court found under the Ninth Circuit's prior standard, but it does not create a plausible inference that Mr. Merk "made" the statements in the corporate press release within the meaning of Rule 10b-5.

Finally, the complaint alleges that Mr. Merk reviewed certain materials for accuracy. (June 6 Order at 9 (citing Compl. ¶¶ 46, 51, 53).)  Again, even if Mr. Merk "participat[ed] in the drafting of a false statement," that is no longer enough to state a claim of primary securities fraud liability against him.  *Janus*, 2011 U.S. LEXIS 4380, at *17.

### 2. Statements in the YieldPlus Marketing Materials Relating to the Fund's WAM

Although the SEC did not mention it at oral argument, and it was not discussed in the Court's June 6 Order, the SEC's opposition to Mr. Merk's motion suggested that he was responsible for various statements in YieldPlus marketing materials issued from February 2006 to November 2007 listing the Fund's WAM.  (Dkt. No. 50 at 6 (citing Compl. ¶¶ 89, 92-94); Dkt. No. 52 at 6.)  To hold Mr. Merk primarily liable for securities fraud based on those statements under *Janus*, the complaint must allege that Mr. Merk had "ultimate authority" over those statements.  But the complaint does not allege any facts linking Mr. Merk to the WAM statements at all.  Indeed, Part A.4 of the complaint does not even mention Mr. Merk.  Accordingly, those allegations must be stricken or dismissed.

### 3. The November 2007 Talking Points

The Court's June 6 Order held that the complaint adequately alleged Mr. Merk substantially participated in the creation of the November 2007 talking points because he "suggested an edit and then approved the talking points."  (June 6 Order at 9 (citing Compl. ¶¶ 149-50).)  But this bare allegation does not satisfy the attribution standard subsequently announced in *Janus*.  The talking points do not quote or attribute any statements to Mr. Merk.[6] The complaint contains no allegation that Mr. Merk had "ultimate authority" over them or any particularized facts concerning the nature of the review and approval process for the talking points or Mr. Merk's role in that process.  All the complaint alleges is that Mr. Merk was the head of CSIM at this time.  But that allegation, standing alone, is insufficient to show that he had ultimate control over all statements CSIM issued.  Indeed, the SEC concedes that two of the

---

[6] Although the talking points reference the strategy and views of "portfolio management," the talking points do not attribute any statement to any individual.  Additionally, Mr. Merk is not alleged to be a portfolio manager for YieldPlus.  (Dkt. No. 42-13.)

1  challenged statements were issued in November 2007 without Mr. Merk's approval.  (Compl. ¶¶
2  153, 159; *see also* June 6 Order at 9.)  The complaint thus fails to satisfy *Janus'* "ultimate
3  authority" test, which requires that the SEC allege with particularity facts showing that Mr. Merk
4  controlled "the content and whether and how to communicate" the talking points.  2011 U.S.
5  LEXIS 4380, at *13.

6  The SEC's allegation that other employees may have made statements based on
7  information in the talking points also cannot support a claim of primary liability against Mr.
8  Merk under *Janus*.  (Compl. ¶ 151.)  Those statements were "made" only by the individual
9  speakers, not Mr. Merk.  *See Janus*, 2011 U.S. LEXIS 4380, at *13.  Even if Mr. Merk played a
10 role in "creating" the statements made by others, he did not make them personally and, under
11 *Janus*, he cannot be held primarily liable for them.  *Id.* at *13, 17.[7]

12 Because the allegations of primary liability based on the YieldPlus marketing materials
13 and the November 2007 talking points do not meet the new governing standard for stating a
14 claim based on purported misstatements by others, they should be dismissed or stricken from the
15 complaint.

---

[7] The talking points clearly state, on both the top and the bottom of the page, that the document is "FOR INTERNAL USE ONLY."  (Dkt. No. 42-13.)  Accordingly, there is no basis to infer that this internal document constituted a corporate statement or that Mr. Merk approved it as a corporate statement to be publicly issued by CSIM.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

**CONCLUSION**

For the foregoing reasons, the Court should reconsider its June 6 Order and dismiss or strike the allegations identified above from the SEC's First and Sixth Claims for Relief based on primary liability for securities fraud against Mr. Merk.[8]

DATED:  June 22, 2011                            BRUNE & RICHARD LLP

By:  /s/ Susan E. Brune
Susan E. Brune (*pro hac vice*)
Laurie Edelstein (Bar No. 164466)
David Elbaum (*pro hac vice*)
MaryAnn Sung (*pro hac vice*)
Lee Taylor (Bar No. 243863)

*Attorneys for Randall Merk*

---

[8]  Mr. Merk joins in the motion for reconsideration and arguments made by defendant Kimon Daifotis, including his argument that the SEC should replead the aiding and abetting claims on the grounds that the current complaint does not adequately allege an underlying primary violation under *Janus* that Mr. Merk knowingly aided or abetted.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104