David J. Gottesman (Trial Counsel) (Illinois Bar No. 6182719)
(gottesmand@sec.gov)
Frederick L. Block (blockf@sec.gov)
Robert A. Cohen (cohenr@sec.gov)
Melissa R. Hodgman (hodgmanm@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-4030
Telephone:  (202) 551-4470 (Gottesman)
Facsimile:  (202) 772-9245 (Gottesman)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV-11-0137 WHA |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| vs. | |
| KIMON P. DAIFOTIS and RANDALL MERK, | |
| Defendants. | Date:      October 6, 2011<br>Time:      8:00 a.m.<br>Judge:     Hon. William H. Alsup<br>Courtroom: 9 |

**NOTICE OF MOTION AND MOTION FOR
<u>LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

TO:  Defendants and Their Attorneys of Record

PLEASE TAKE NOTICE that on October 6, 2011, at 8:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable William H. Alsup, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102, Plaintiff will, and hereby do, move the Court, pursuant to Fed.R.Civ.P. 15(a)(2), to grant Plaintiff leave to file its First Amended Complaint, a copy of which is submitted herewith.

This motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the papers and pleadings on file with this Court, and such other written or oral argument as may be presented to this Court.

## ISSUE TO BE DECIDED
### (Civil Local Rule 7-4)

Whether to permit the Plaintiff to file a First Amended Complaint, which cures or otherwise addresses items raised by the Court in its order dated June 6, 2011, adds additional allegations of specific misrepresentations and misrepresentations of material fact by defendants or for which defendants are liable, and adds two additional claims for secondary liability of defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, United States Securities and Exchange Commission ("SEC"), states the following in support of its motion for leave to file a First Amended Complaint against Defendants Kimon Daifotis ("Daifotis") and Randall Merk ("Merk").

## Procedural History

On June 6, 2011, this Court entered an order (the "June 6 Order," docket no. 58) granting in part and denying in part Daifotis and Merk's respective motions to dismiss the SEC's Complaint. The Court generally upheld the sufficiency of the Complaint, but found some allegations to be insufficiently pled. The June 6 Order dismissed two claims with prejudice, dismissed certain other claims or portions of claims without prejudice to the SEC's ability to amend the allegations, and did not specifically state whether dismissal of certain other items was with or without prejudice.

The June 6 Order stated that the SEC "may seek leave to amend the complaint and will have twenty-one calendar days from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein."

On June 17, 2011, the Court entered an order on the stipulation of the parties extending the time for the SEC to file its motion and proposed amended complaint to 21 days after the Court ruled on the Defendants' motions for reconsideration of the June 6 Order.

Defendants filed a motion for reconsideration of the June 6 Order on June 22, 2011, based upon the Supreme Court's June 13, 2011, decision in *Janus Capital Group, Inc. v. First Derivative Traders,* 131 S. Ct. 2296 (2011). *Janus* defined the scope of what constitutes "making" a misrepresentation or omission under Rule 10b-5(b) [17 CFR § 240.10b-5(b)] as

1  promulgated under the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §

2  78a et seq.], interpreting the phrase more narrowly than prior Ninth Circuit law.  *See, e.g.,*

3  *SEC v. Fraser,* No. CV-09-00443-PHX-GMS, 2010 WL 5776401, at *4 (D. Ariz. Jan. 28,

4  2010) (noting that, under Ninth Circuit law, a corporate officer could be liable under Rule

5  10b-5 if he "substantially participated" in the preparation, creation, drafting, editing, or

6

7  making of materially false statements).

8          Following briefing and argument, the Court entered an order on August 1, 2011

9  ("August 1 Order," docket no. 74) granting Defendants' motions for reconsideration and

10  modifying in part the June 6 Order.   First, the August 1 Order noted that the parties agreed

11  that the Complaint sufficiently alleged that certain statements were "made" by Daifotis and

12  Merk under the standards of *Janus,* and therefore sufficiently alleged claims of primary

13  liability under Rule 10b-5(b). August 1 Order at 4.  Second, the August 1 Order noted that a

14  number of other statements alleged in the Complaint did not sufficiently allege that Daifotis

15  or Merk "made" the statements under the *Janus* test for purposes of a Rule 10b-5(b) claim

16  (August 1 Order at 5), even though those allegations had been sufficient to establish primary

17  liability under Rule 10b-5(b) under pre-*Janus* law in the Ninth Circuit.

18

19          Third, the August 1 Order held that *Janus* applies only to claims under Rule 10b-5(b)

20  and does not apply to the other securities laws involved in this case, such as Section 17(a) of

21  the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 34(b) of the

22  Investment Company Act of 1940 ("ICA") [15 U.S.C. § 80a-33(b)].  August 1 Order at 7-8.

23  Finally, the August 1 Order declined to review certain other issues that Defendants raised.

24

25

26

27

28

**Summary**

The SEC hereby respectfully requests that the Court permit the SEC to file the proposed First Amended Complaint ("FAC"), submitted herewith.  The key amendments are these:[1]

(1)      The FAC adds allegations that cure or otherwise address the specific issues identified in the June 6 Order.

(2)      The FAC adds allegations of additional specific misrepresentations and omissions of material fact by Daifotis and Merk, or by others for which Daifotis and Merk are liable.  Some of these additional allegations constitute statements that meet the *Janus* standards for primary liability under Rule 10b-5(b).  The FAC also adds some other allegations which, although not statements "made" under the *Janus* standards for primary liability under Rule 10b-5(b), are sufficient for primary liability under other securities laws asserted in the Complaint and for secondary liability of the defendants under the securities laws.

(3)      The FAC adds two claims for secondary liability of Daifotis and Merk:[2]

(i) ***Control Person Liability Under the Exchange Act.***   The new Third Claim for Relief adds a claim under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].  This establishes liability of Merk for violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder that were committed by those persons or entities that Merk controlled; and

_____

[1]  The FAC also contains a number of clarifications and other edits to better explicate the relevant events and the SEC's claims.

[2]  The claims in the FAC are renumbered so that the new proposed claims are adjacent to other claims under the same statutes.

(ii) *Secondary Liability Under the ICA.*  The new Eighth Claim adds a claim under Section 48(a) of the ICA [15 U.S.C. § 80a-47(a)].  This establishes liability of Daifotis and Merk for violations of Section 34(b) of the ICA that Daifotis or Merk caused to be done through each other and the Schwab entities.

## ARGUMENT

**I.    The FAC Addresses
       Specific Items Noted In the June 6 Order**

The June 6 Order found the following claims or allegations to be insufficient, and the FAC addresses those items in the manner indicated:

*a.    Allegations of Receipt of Money or Property – Section 17(a)(2) of the Securities Act.*  With regard to the Complaint's claim under Section 17(a)(2) of the Securities Act, [15 U.S.C. § 77q(a)(2)], the June 6 Order found that the original Complaint did not specifically allege that Merk received money or property.[3]  Paragraph 195 of the FAC specifically alleges that Merk's compensation, including bonuses, during the relevant time period were higher as a result of his misleading statements and other wrongful conduct regarding YieldPlus and the other funds identified in the FAC.[4]  Accordingly, the FAC sufficiently alleges that Merk personally obtained money or property by means of the misrepresentations and omissions alleged in the FAC.  This is sufficient to state a claim against Merk under Section 17(a)(2).

---

[3]   Section 17(a)(2) of the Securities Act provides that it is unlawful, "for any person, in the offer or sale of securities,  . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly . . . (2) to **obtain money or property by means of** any untrue statement of material fact or by any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . ."  (Emphasis added).  FAC at ¶ 194.

**b.**     ***Claims for aiding and abetting violations of the ICA.***  The June 6 Order (at 9) dismissed with prejudice the original Complaint's claims for aiding and abetting violations of Sections 13(a) and 34(b) of the ICA.  The FAC omits these claims.

**c.**     ***Claims against Merk for Scheme Liability.***  The June 6 Order (at 13) found the claims for scheme liability against Merk to be insufficient because they did not allege wrongful conduct outside of the misrepresentations and omissions otherwise charged in the complaint.  The June 6 Order, however, did not state that those claims were dismissed with prejudice, leaving uncertainty as to whether the SEC was allowed to re-plead those claims. Therefore, in order to ensure that the right to seek later appellate review of the dismissal is not waived, they must be reasserted.  *See Parrino v. FHP, Inc.,* 146 F.3d 699, 704 (9th Cir. 1998) ("A plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint"), *superseded by statute on other grounds, as recognized by Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681 (9th Cir.2006).

Therefore, the claims against Merk based upon scheme liability are included in the FAC, along with footnotes indicating that they are included in order to avoid waiving appellate review of the dismissal.  *See* FAC, paragraphs 200 and 218.

**d.**     ***Allegations Regarding Merk's Participation in November 15, 2007, e-mail and November 2007 "Manager's Discussion."***  The June 6 Order (at 9) found that the allegations in FAC paragraphs 153 and 159 regarding Merk's involvement in, respectively, a November 15, 2007, email and the November 2007 "Manager's Discussion" were insufficient to establish his substantial participation in those communications.  The FAC does not refer to the November 15, 2007 email.

---

[4] The FAC also alleges that Daifotis received increased bonuses as a result of the

With regard to the November 2007 Manager's Discussion (attributed to Daifotis), the FAC does not allege Merk's substantial participation in that document, although the SEC reserves the right to assert Merk's substantial participation or other involvement in that item if appropriate evidence is adduced as the case proceeds.  The FAC does assert other grounds for Merk's liability with regard to the November 2007 Manager's Discussion, e.g., control-person liability in the Third Claim for Relief.

       **e.**    ***Time Limitation for Claim under Rule 206(4)-8.***  The June 6 Order (at 16) found that the claims under ICA Rule 206(4)-8 would apply only to defendants' conduct after the effective date of that regulation, September 10, 2007.  The FAC specifically so limits that claim.

## II.    <u>The FAC Alleges Additional Misrepresentations and Omissions</u>

The FAC asserts that Defendants made a number of additional misrepresentations or misleading omissions of material fact, in addition to those that the Court noted in its August 1 Order.  *See, e.g.,* FAC ¶¶ 82 through 87 (regarding Daifotis),[5] ¶¶ 88 and 89 (regarding

---

misrepresentations and omissions regarding YieldPlus.

    [5] Paragraphs 82 through 87 of the FAC include these additional misrepresentations or misleading omissions made by Daifotis:

- Presentations at the events listed in paragraph 83, in which Daifotis made the misrepresentations or misleading omissions described in paragraph 84 (see also ¶ 87);
- Daifotis's Presentations in March 2007 and May 2007 (¶ 85(a));
- Daifotis's September 20, 2006 webcast oral presentation and slides (¶ 85(b));
- March 10, 2008 letter signed by Daifotis (¶ 86(a);
- June 2007 website attributing statements to Daifotis (¶ 86(b));
- "White papers" attributed to Daifotis (¶ 86(d));
- December 2005 website quoting Daifotis (¶ 86(e)); and
- November 2005 report attributed to Daifotis (¶ 86(f)).

Merk),[6] ¶ 109 (August 31, 2007, form signed by Merk), ¶ 168 (September 2007 webcast in which Daifotis spoke), ¶ 170 (November 2007 talking points over which Merk exercised ultimate authority), and ¶ 178 (August 2007 Manager's Discussion attributed to Daifotis). These are statements that Daifotis or Merk spoke, signed, or were attributed to them, and thus are statements that they "made" under the standards of *Janus* with regard to the claim for primary liability under Rule 10b-5(b).  These statements also furnish additional support for the other claims in the FAC.

The FAC also contains additional allegations of misleading statements that Daifotis or Merk substantially participated or assisted in making, in addition to those already alleged in the original Complaint.  *See e.g.,* FAC ¶ 90(a) (quarterly fact sheets), ¶ 90(b) (annual and semi-annual reports), ¶ 90(c) (Form N-CSR filed May 3, 2007), 90(d) (website, beginning at least by mid-2006), ¶ 90(i) May 2005 advertisement, ¶ 90(j) (summer 2005 website), and ¶ 90(m) (annual or supplemental registration statement amendments on Form N-1A)).  Although these might not be within the *Janus* standards applicable to Rule 10b-5(b) claims, such statements are sufficient to support primary or secondary liability claims against Daifotis and Merk under other securities laws alleged in the FAC.

**III.    The FAC Includes New Claims for "Control Person" Liability and**

---

[6] Paragraphs 88 and 89 allege additional misrepresentations and omissions attributed to Merk, including:

- March 2008 letter signed by Merk (¶ 88(a));
- December 14, 2007 and January 14, 2008 letters signed by Merk (¶ 88(b));
- October 16, 2007 Form N-CSR signed by Merk (¶ 88(c));
- April 21, 2008 Form N-CSR signed by Merk (¶ 88(d));

November 14, 2007 Form N-1A signed by Merk (¶ 88f)).

**Secondary Liability Under Section 48(a) of the ICA**

In light of the fact that, under *Janus*, certain of the misleading statements alleged in the original Complaint are not within the scope of primary liability claims under Rule 10b-5(b), it is appropriate to add claims under other securities laws that create secondary liability of defendants for their substantial role in the making of those statements.

**A.    Claim Against Merk for Control Person
Liability (Section 20(a) of the Exchange Act)**

In *Janus,* the Supreme Court noted that some conduct that does not come within the scope of Rule 10b-5(b) could be covered by other securities laws.  131 S. Ct. at 2304.  The Court specifically cited Exchange Act Section 20(a) [15 U.S.C. § 78t(a)], in which "Congress . . . established liability . . . for '[e]very person who, directly or indirectly, controls any person liable'" for violations.  *Id.* (quoting Section 20(a)).   Accordingly, the SEC proposes adding a claim against Merk under Section 20(a).  The Third Claim for Relief (as renumbered) in the FAC alleges that Merk was a control person of the relevant Schwab entities and of Daifotis (within the meaning of Section 20(a)), and that Merk therefore is liable for their violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder.  The FAC (Section A.2.a.) alleges facts showing Merk's control-person status.

**B.    Claim Against Merk and Daifotis Under Section 48(a) of the ICA**

The June 6 Order  (at 20) dismissed with prejudice the original Complaint's claims against Merk and Daifotis for aiding and abetting violations of Sections 13(a) and 34(b) of the ICA [15 U.S.C. § 80a-33(b)].  The dismissal was not based upon any insufficiency of allegations regarding Merk's and Daifotis's conduct.  Rather, the Court held that the ICA's statutory provisions for aiding-and-abetting liability did not take effect until July 2010, as part of the Dodd-Frank Act, Pub. L. No. 111-203, 124 Stat. 1376-2223 (2010).  The Court held

that the aiding-and-abetting provision of the ICA created a new right of action that could not be retroactively applied in this case.  *See* June 6 Order at 16-20.

Therefore, the SEC seeks to add a new claim relying upon a different basis for secondary liability of defendants for violations of Section 34(b) of the ICA.  Section 48(a) of the ICA [15 U.S.C. §80a-47(a)] provides:

> It shall be unlawful for any person, directly or indirectly, to cause to be done any act or thing through or by means of any other person which it would be unlawful for such person to do under the provisions of this title or any rule, regulation, or order thereunder.

Unlike the aiding-and-abetting provisions of the ICA that were added in 2010, Section 48(a) was enacted prior to the events alleged in this case.  Therefore, its application in this case does not involve any retroactivity issues.

The FAC's Eighth Claim for Relief (as renumbered) alleges that Schwab Investments, CSIM, CS&Co., Merk and Daifotis violated Section 34(b) of the ICA [15 U.S.C. § 80a-33(b)], and that Daifotis and Merk, directly or indirectly, caused those Schwab entities  and each other to do the acts or things constituting those violations.  Accordingly, Daifotis and Merk violated Section 48(a) of the ICA.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that it be granted leave to file the First Amended Complaint, a copy of which is submitted herewith (a signed copy of the First Amended Complaint will be submitted for filing if this motion is granted).

DATED:  August 22, 2011                    Respectfully submitted,

_____ /s/ David J. Gottesman _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David J. Gottesman
Frederick L. Block
Robert A. Cohen
Melissa R. Hodgman

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549-4030
Telephone:  (202) 551-4470 (Gottesman)
Facsimile:  (202) 772-9245 (Gottesman)