Laurie Edelstein (Bar No. 164466)
Lee Taylor (Bar No. 243863)
BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, California 94104
Telephone: (415) 563-0600
Facsimile:  (415) 563-0613
ledelstein@bruneandrichard.com
ltaylor@bruneandrichard.com

Susan E. Brune (*pro hac vice*)
David Elbaum (*pro hac vice*)
MaryAnn Sung (*pro hac vice*)
BRUNE & RICHARD LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 668-1900
Facsimile:  (212) 668-0315
sbrune@bruneandrichard.com
delbaum@bruneandrichard.com
msung@bruneandrichard.com

*Attorneys for Randall Merk*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Kimon P. Daifotis and Randall Merk,<br><br>Defendants. | No. 3:11-cv-00137-WHA<br><br>**RANDALL MERK'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. William H. Alsup<br><br>Complaint Filed:  January 11, 2011<br>Trial Date:  July 9, 2012 |

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

Defendant Randall Merk ("Mr. Merk"), by and through his undersigned counsel, hereby answers the First Amended Complaint filed by the Securities and Exchange Commission ("SEC") on October 13, 2011.

## GENERAL DENIAL

Mr. Merk denies any and all liability under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder, Section 17(a) of the Securities Act, Sections 206(1), (2), and (4) of the Advisers Act and Rule 206(4)-8 thereunder, and Sections 34(b) and 48(a) of the Investment Company Act. Further, where the allegations in the First Amended Complaint relate to defendant Kimon Daifotis ("Mr. Daifotis") or other third parties and are not directed at Mr. Merk, no response is required. Unless otherwise expressly admitted, Mr. Merk denies such allegations, including based on his lack of knowledge or information sufficient to form a belief as to the truth of the allegations. In accordance with Rule 8(b)(5) of the Federal Rules of Civil Procedure, all statements that Mr. Merk lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial. Allegations that state a legal conclusion do not require a response; to the extent that a response is required, such allegations are denied. Finally, the Complaint contains purported excerpts from and references to a number of documents and third-party publications. Such documents and publications speak for themselves and Mr. Merk refers to the respective documents and publications for the complete and accurate contents thereof.

## SPECIFIC RESPONSES

## SUMMARY OF THE ACTION

1.     Mr. Merk admits that he was an officer of Charles Schwab Investment Management, Inc. ("CSIM") from about July 2007 until at least mid-2008; that he was an officer of Schwab Investments from about July 2007 until at least mid-2008; that he was an employee and officer of Charles Schwab & Co., Inc. ("CS&Co.") during the period 2005 through mid-2008; and that CSIM and CS&Co. provided investment advisory or other services to Schwab Investments. Mr. Merk further admits that Mr. Daifotis was an employee of CS&Co. and an officer of CSIM and Schwab Investments during the period described. Mr. Merk otherwise

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

**BRUNE & RICHARD LLP**
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

1    denies the allegations in Paragraph 1.

2          2.      Mr. Merk denies the allegations in Paragraph 2, except admits that the Schwab

3    YieldPlus Fund ("YieldPlus" or the "Fund") was a fixed-income mutual fund advised by CSIM

4    and that at one point in 2007 YieldPlus had approximately $13.5 billion in assets and was one of

5    the largest ultra-short bond funds in its category.

6          3.      Mr. Merk denies the allegations in Paragraph 3.

7          4.      Mr. Merk denies the allegations in Paragraph 4.

8          5.      Mr. Merk denies the allegations in Paragraph 5.

9          6.      Mr. Merk denies the allegations in Paragraph 6.

10         7.      Mr. Merk denies the allegations in Paragraph 7, except admits that he was a

11   member of the Board of Trustees of Schwab Investments and that the Board of Trustees voted to

12   change the classification of non-agency mortgage-backed securities ("MBS") for purposes of a

13   concentration policy applicable to YieldPlus and other Schwab funds.

14         8.      Mr. Merk denies the allegations in Paragraph 8.

15         9.      Mr. Merk denies the allegations in Paragraph 9.

16         10.     Mr. Merk denies the allegations in Paragraph 10, except admits that YieldPlus's

17   net asset value ("NAV") declined during the summer of 2007 and that YieldPlus experienced

18   redemptions during that period.  Mr. Merk lacks knowledge or information sufficient to form a

19   belief as to the truth of the allegations regarding investors' expectations.

20         11.     Mr. Merk denies the allegations in Paragraph 11, and refers to the referenced

21   materials and conference calls for a complete and accurate statement of their contents.

22         12.     Mr. Merk denies the allegations in Paragraph 12.

23         13.     Mr. Merk denies the allegations in Paragraph 13, except admits that YieldPlus's

24   NAV and assets declined during an eight month period from 2007 to 2008 and continued to

25   decline thereafter.  Mr. Merk refers to data on YieldPlus's historical NAV for a complete and

26   accurate description of its decline.

27         14.     Mr. Merk denies the allegations in Paragraph 14, except admits that the SEC

28   seeks the relief set forth therein.

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

**BRUNE & RICHARD LLP**
**235 Montgomery Street, Suite 1130**
**San Francisco, CA 94104**

## JURISDICTION AND VENUE

15.     Paragraph 15 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations, except admits that this Court has jurisdiction over this action.

16.     Paragraph 16 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations, except admits that venue is appropriate in this Court.

17.     Paragraph 17 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations, except admits that assignment to the San Francisco Division is appropriate.

## FACTUAL ALLEGATIONS

18.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except admits that Mr. Daifotis was a Senior Vice President and the Chief Investment Officer of Fixed Income of CSIM and Schwab Investments for some period of time, that he reported to Mr. Merk from about July 2007 until Mr. Daifotis' departure, and that Mr. Daifotis supervised portfolio managers of the referenced funds.

19.     Mr. Merk admits the allegations in the first six sentences of Paragraph 19, but otherwise denies the allegations.

20.     Mr. Merk admits the allegations in Paragraph 20.

21.     Mr. Merk admits the allegations in Paragraph 21, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that CS&Co. provided advisory services to the referenced funds.

22.     Mr. Merk admits the allegations in Paragraph 22.

23.     Mr. Merk admits the SEC's use of the term "Schwab Entities" as described in Paragraph 23.

24.     Mr. Merk denies the allegations in Paragraph 24.

25.     Mr. Merk denies the allegations in Paragraph 25, and refers to the referenced statements for a complete and accurate statement of their contents.

26.     Mr. Merk denies the allegations in Paragraph 26.

27.     Mr. Merk denies the allegations in Paragraph 27, except admits that YieldPlus was established in 1999 and refers to data regarding YieldPlus's NAV for a complete and accurate description of its historical fluctuations.

28.     Mr. Merk denies the allegations in Paragraph 28, except admits that Mr. Daifotis reported to him from about July 2007 until mid-2008.

29.     Mr. Merk denies the allegations in Paragraph 29.

30.     Mr. Merk admits the allegations in Paragraph 30.

31.     Mr. Merk denies the allegations in Paragraph 31, and refers to the referenced rules for money market funds and to YieldPlus's prospectuses and registration statements for a complete and accurate statement of their contents.

32.     Mr. Merk denies the allegations in Paragraph 32.

33.     Mr. Merk denies the allegations in Paragraph 33, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the figures provided therein.

34.     Mr. Merk denies the allegations in Paragraph 34.

35.     Mr. Merk denies the allegations in Paragraph 35, except admits that YieldPlus was classified as an ultra-short bond fund because of its duration.

36.     Mr. Merk denies the allegations in Paragraph 36, and refers to the referenced rules for money market funds and to YieldPlus's prospectuses and registration statements for a complete and accurate statement of their contents.

37.     Mr. Merk denies the allegations in Paragraph 37.

38.     Mr. Merk admits the allegations in Paragraph 38.

39.     Mr. Merk denies the allegations in Paragraph 39, except admits that he was an Executive Vice President of CS&Co. and that he headed Investment Management Services, or its predecessors, during the period described.

40.     Mr. Merk denies the allegations in Paragraph 40, except admits that Mr. Daifotis was the Chief Investment Officer of Fixed Income of CSIM and Schwab Investments for some

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

period of time; that Mr. Daifotis reported to the then-President and CEO of CSIM for some period of time prior to July 2007, at about which time he began reporting to Mr. Merk until Mr. Daifotis' departure; and that the then-President and CEO of CSIM reported to Mr. Merk from about June 2004 until about July 2007.

41. Mr. Merk denies the allegations in Paragraph 41, except admits that he served as one of two Interested Trustees on the Board of Trustees for Schwab Investments and as President and CEO of Schwab Investments during the periods described.

42. Mr. Merk denies the allegations in Paragraph 42, except admits that he was a trustee of Schwab Investments and authorized his signature on certain Schwab Investments filings with the SEC.

43. Mr. Merk denies the allegations in Paragraph 43.

44. Mr. Merk denies the allegations in Paragraph 44.

45. Mr. Merk denies the allegations in Paragraph 45.

46. Mr. Merk denies the allegations in Paragraph 46, except admits that from about June 2004 to about July 2007 the then-President of CSIM reported to Mr. Merk; that Mr. Daifotis reported to the then-President of CSIM for some period of time prior to July 2007; that Mr. Merk became President of CSIM in about July 2007; and that Mr. Daifotis and the Senior Vice President for Product Development and Management reported to Mr. Merk starting about July 2007.

47. Mr. Merk denies the allegations in Paragraph 47, except admits that he was a member of the Cash Council.

48. Mr. Merk denies the allegations in Paragraph 48.

49. Mr. Merk denies the allegations in Paragraph 49, except refers to the referenced emails for a complete and accurate statement of their contents.

50. Mr. Merk denies the allegations in Paragraph 50, except refers to the referenced emails for a complete and accurate statement of their contents.

51. Mr. Merk denies the allegations in Paragraph 51, except admits he received certain documents as a member of the Cash Council, and refers to those documents for a

complete and accurate statement of their contents.

52.   Mr. Merk denies the allegations in Paragraph 52.

53.   Mr. Merk denies the allegations in Paragraph 53, except admits he received certain documents as a member of the Cash Council and as a trustee, and refers to those documents for a complete and accurate statement of their contents.

54.   Mr. Merk denies the allegations in Paragraph 54, and refers to YieldPlus's prospectuses, registration statements and other filings with the SEC for a complete and accurate description of the Fund's historical NAV fluctuations.

55.   Mr. Merk denies the allegations in Paragraph 55.

56.   Mr. Merk denies the allegations in Paragraph 56, except admits that he received a copy of the referenced press release after it was issued.

57.   Mr. Merk denies the allegations in Paragraph 57, except refers to the referenced document for a complete and accurate statement of its contents.

58.   Mr. Merk denies the allegations in Paragraph 58, except admits that he attended an August 29, 2006 meeting of the Marketing, Distribution and Shareholder Servicing Committee of the Schwab Investments Board of Trustees and received a document concerning marketing of Schwab funds, which he refers to for a complete and accurate statement of its contents.

59.   Mr. Merk denies the allegations in Paragraph 59, and refers to the referenced document for a complete and accurate statement of its contents.

60.   Mr. Merk denies the allegations in Paragraph 60.

61.   Mr. Merk denies the allegations in Paragraph 61, and refers to YieldPlus's prospectuses, registration statements, and other filings with the SEC for a complete and accurate description of the change in the Fund's assets over time.

62.   Mr. Merk denies the allegations in Paragraph 62, except admits receipt of the referenced article and refers to it for a complete and accurate statement of its contents.

63.   Mr. Merk denies the allegations in Paragraph 63, except admits that the Board of Trustees approved a change in the classification of non-agency MBS for purposes of a

1    concentration policy applicable to YieldPlus and other Schwab funds.

2           64.    Mr. Merk denies the allegations in Paragraph 64.

3           65.    Mr. Merk denies the allegations in Paragraph 65.

4           66.    Mr. Merk denies the allegations in Paragraph 66.

5           67.    Mr. Merk denies the allegations in Paragraph 67.

6           68.    Mr. Merk denies the allegations in Paragraph 68.

7           69.    Mr. Merk lacks knowledge or information sufficient to form a belief as to the

8    truth of the allegations in Paragraph 69.

9           70.    Mr. Merk denies the allegations in Paragraph 70, except admits that from time to

10   time Mr. Daifotis was consulted regarding information about YieldPlus.

11          71.    Mr. Merk denies the allegations in Paragraph 71, except lacks knowledge or

12   information sufficient to form a belief as to the truth of the allegations in the first two sentences.

13          72.    Mr. Merk denies the allegations in Paragraph 72, except refers to the referenced

14   documents for a complete and accurate statement of their contents.

15          73.    Mr. Merk lacks knowledge or information sufficient to form a belief as to the

16   truth of the allegations in Paragraph 73.

17          74.    Mr. Merk denies the allegations in Paragraph 74, except lacks knowledge or

18   information sufficient to form a belief as to the truth of the allegations regarding Mr. Daifotis.

19          75.    Mr. Merk denies the allegations in Paragraph 75, except lacks knowledge or

20   information sufficient to form a belief as to the truth of the allegations regarding what Mr.

21   Daifotis saw.

22          76.    Mr. Merk denies the allegations in Paragraph 76, except refers to the referenced

23   conference call for a complete and accurate statement of its contents.

24          77.    Mr. Merk denies the allegations in Paragraph 77, and refers to the referenced

25   communications and materials for a complete and accurate statement of their contents.

26          78.    Mr. Merk denies the allegations in Paragraph 78.

27          79.    Mr. Merk denies the allegations in Paragraph 79.

28          80.    Mr. Merk denies the allegations in Paragraph 80.

**BRUNE & RICHARD LLP**
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

7

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

81. Mr. Merk denies the allegations in Paragraph 81.

82. Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. Mr. Merk denies the allegations in Paragraph 84 and its subparts, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the referenced statements and presentations. Mr. Merk refers to any referenced statements and presentations for a complete and accurate statement of their contents.

85. Mr. Merk denies the allegations in Paragraph 85 and its subparts, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the referenced statements and presentations. Mr. Merk refers to those statements and presentations for a complete and accurate statement of their contents.

86. Mr. Merk denies the allegations in Paragraph 86 and its subparts, except admits that a March 10, 2008 letter included his and Mr. Daifotis' signatures and that the Schwab internal website was available to Schwab Financial Consultants; lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the Schwab internal website was available to independent advisers; and refers to the referenced statements and presentations for a complete and accurate statement of their contents.

87. Mr. Merk denies the allegations in Paragraph 87 and its subparts.

88. Mr. Merk denies the allegations in Paragraph 88 and its subparts, except admits that the documents referenced in subparts (a)-(f) contained his signature, and refers to those documents for a complete and accurate statement of their contents.

89. Mr. Merk denies the allegations in Paragraph 89 and its subparts.

90. Mr. Merk denies the allegations in Paragraph 90 and its subparts, except admits that fact sheets, annual and semi-annual reports, filings to the SEC, marketing materials, and websites were issued for or referenced YieldPlus, and further admits that the Lehman Brothers U.S. Treasury 9-12 Month Index was used as a benchmark for the measurement of YieldPlus's

performance.  Mr. Merk refers to the referenced communications and documents for a complete and accurate statement of their contents.

91.     Mr. Merk denies the allegations in Paragraph 91 and its subparts.

92.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Mr. Merk denies the allegations in Paragraph 93.

94.     Mr. Merk denies the allegations in Paragraph 94.

95.     Mr. Merk denies the allegations in Paragraph 95.

96.     Mr. Merk denies the allegations in Paragraph 96.

97.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     Mr. Merk admits that duration is a measure of interest rate sensitivity, but otherwise denies the allegations in Paragraph 100.

101.     Mr. Merk denies the allegations in Paragraph 101, except admits that YieldPlus was classified as an ultra-short bond fund because of its duration.

102.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the figure displayed on Schwab's external website, and otherwise denies the allegations in Paragraph 105.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

9

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

106.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, except refers to the referenced tables for a complete and accurate statement of their contents.

107.     Mr. Merk denies the allegations in Paragraph 107.

108.     Mr. Merk denies the allegations in Paragraph 108.

109.     Mr. Merk denies the allegations in Paragraph 109, except admits that the referenced filing included his signature and certification.  Mr. Merk refers to that filing for a complete and accurate statement of its contents.

110.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, except refers to the referenced documents for a complete and accurate statement of their contents.

111.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.     Mr. Merk denies the allegations in Paragraph 112.

113.     Mr. Merk lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.     Mr. Merk denies the allegations in Paragraph 114.

115.     Mr. Merk denies the allegations in Paragraph 115.

116.     Mr. Merk denies the allegations in Paragraph 116.

117.     Mr. Merk denies the allegations in Paragraph 117.

118.     Mr. Merk denies the allegations in Paragraph 118, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what particular CS&Co. employees told investors.

119.     Mr. Merk denies the allegations in Paragraph 119.

120.     Paragraph 120 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

121.     To the extent Paragraph 121 asserts legal conclusions, no response is required. To the extent a response is required, Mr. Merk admits that a concentration policy was set forth in

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

the publicly-available registration statements for the taxable bond funds periodically filed with the SEC, and refers to those registration statements for a complete and accurate statement of their contents.

122.    Mr. Merk refers to the documents referenced in Paragraph 122 for a complete and accurate statement of their contents.

123.    Mr. Merk admits that non-agency MBS were treated as an industry for purposes of the concentration policy applicable to the taxable bond funds prior to August 2006, and refers to the documents referenced in Paragraph 123 for a complete and accurate statement of their contents.

124.    Mr. Merk denies the allegations in Paragraph 124.

125.    Mr. Merk denies the allegations in Paragraph 125, except refers to the referenced documents for a complete and accurate statement of their contents.

126.    Mr. Merk denies the allegations in Paragraph 126.

127.    Mr. Merk denies the allegations in Paragraph 127.

128.    Mr. Merk denies the allegations in Paragraph 128.

129.    Mr. Merk denies the allegations in Paragraph 129.

130.    Mr. Merk denies the allegations in Paragraph 130.

131.    Mr. Merk denies the allegations in Paragraph 131.

132.    Mr. Merk denies the allegations in Paragraph 132.

133.    Mr. Merk admits the allegations in Paragraph 133, except denies the first clause of the first sentence.

134.    Mr. Merk denies the allegations in Paragraph 134, except admits that Mr. Daifotis made a presentation regarding the referenced change to a committee of the Board of Trustees.

135.    Mr. Merk denies the allegations in Paragraph 135, except admits that the Board voted in August 2006 to approve the referenced change.

136.    Mr. Merk denies the allegations in Paragraph 136.

137.    Mr. Merk denies the allegations in Paragraph 137, except admits that YieldPlus's investment in non-agency MBS increased after August 2006.  Mr. Merk refers to YieldPlus's

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                        No. 3:11-cv-137-WHA

1    prospectuses, registration statements, and other filings with the SEC for a complete and accurate

2    description of YieldPlus's historical holdings.

3        138.    Mr. Merk denies the allegations in Paragraph 138.

4        139.    Mr. Merk denies the allegations in Paragraph 139.

5        140.    Mr. Merk denies the allegations in Paragraph 140, except admits that his signature

6    was on the referenced filing, and refers to it for a complete and accurate statement of its contents.

7        141.    Mr. Merk denies the allegations in Paragraph 141.

8        142.    Mr. Merk denies the allegations in Paragraph 142, except lacks knowledge or

9    information sufficient to form a belief as to the truth of the allegations that Mr. Daifotis reviewed

10   and was asked to review and comment on the referenced filing.

11       143.    Mr. Merk denies the allegations in Paragraph 143 and its subparts.

12       144.    Mr. Merk denies the allegations in Paragraph 144.

13       145.    Mr. Merk denies the allegations in Paragraph 145.

14       146.    Mr. Merk denies the allegations in Paragraph 146, except lacks knowledge or

15   information sufficient to form a belief as to the truth of the allegations regarding investors'

16   expectations.

17       147.    Mr. Merk admits the allegations in Paragraph 147.

18       148.    Mr. Merk denies the allegations in Paragraph 148, except admits receipt of the

19   referenced emails, and refers to them for a complete and accurate statement of their contents.

20       149.    Mr. Merk denies the allegations in Paragraph 149.

21       150.    Mr. Merk denies the allegations in Paragraph 150.

22       151.    Mr. Merk admits that Mr. Daifotis led conference calls regarding YieldPlus and

23   received updates about YieldPlus's level of redemptions and cash status for some period during

24   the Fund's decline, but lacks knowledge or information sufficient to form a belief as to the truth

25   of the allegations regarding Mr. Daifotis' involvement with the documents referenced in

26   Paragraph 151.  Mr. Merk otherwise denies the allegations.

27       152.    Mr. Merk denies the allegations in Paragraph 152, except admits that Mr. Daifotis

28   reported to him beginning about July 2007 and that he received updates regarding YieldPlus and

**BRUNE & RICHARD LLP**
**235 Montgomery Street, Suite 1130**
**San Francisco, CA 94104**

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

1   monitored the Fund's performance.

2        153.    Mr. Merk denies the allegations in Paragraph 153.

3        154.    Mr. Merk denies the allegations in Paragraph 154, but admits that the referenced

4   conference calls were held.

5        155.    Mr. Merk denies the allegations in Paragraph 155, except admits that YieldPlus

6   experienced redemptions and sold securities during the referenced period.  Mr. Merk refers to

7   data regarding YieldPlus's historical assets and trades for a complete and accurate description.

8        156.    Mr. Merk denies the allegations in Paragraph 156, but lacks knowledge or

9   information sufficient to form a belief as to the truth of the allegations regarding Mr. Daifotis'

10  monitoring.

11       157.    Mr. Merk denies the allegations in Paragraph 157, except admits receipt of the

12  referenced email and refers to it for a complete and accurate statement of its contents.

13       158.    Mr. Merk denies the allegations in Paragraph 158, except admits receipt of the

14  referenced email and refers to it for a complete and accurate statement of its contents.

15       159.    Mr. Merk denies the allegations in Paragraph 159, except refers to the referenced

16  email for a complete and accurate statement of its contents.

17       160.    Mr. Merk denies the allegations in Paragraph 160, except admits that the

18  referenced conference call was held, refers to the conference call for a complete and accurate

19  statement of its contents, and lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations regarding the number of advisers who attended the call.

21       161.    Mr. Merk denies the allegations in Paragraph 161, except admits that the

22  referenced conference call was held, refers to the conference call for a complete and accurate

23  statement of its contents, and lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding the number of registered representatives who attended the call.

25       162.    Mr. Merk denies the allegations in Paragraph 162.

26       163.    Mr. Merk denies the allegations in Paragraph 163, except lacks knowledge or

27  information sufficient to form a belief as to the truth of the allegations regarding the CS&Co.

28  representatives' communications with investors, and refers to those communications for a

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT          No. 3:11-cv-137-WHA

1    complete and accurate statement of their contents.

2         164.    Mr. Merk denies the allegations in Paragraph 164, except admits that a Q&A

3    dated August 7, 2007, which was posted on the Schwab public website for some period, listed

4    him as the author, and that he reviewed and edited the document before it was published.  Mr.

5    Merk refers to that document for a complete and accurate statement of its contents.

6         165.    Mr. Merk denies the allegations in Paragraph 165.

7         166.    Mr. Merk denies the allegations in Paragraph 166.

8         167.    Mr. Merk denies the allegations in Paragraph 167, except lacks knowledge or

9    information sufficient to form a belief as to the truth of the allegations regarding the CS&Co.

10   representatives' communications with investors, and refers to the those communications for a

11   complete and accurate statement of their contents.

12        168.    Mr. Merk denies the allegations in Paragraph 168, except admits that he discussed

13   focusing on raising cash with the portfolio management team.  Mr. Merk refers to the referenced

14   communication for a complete and accurate statement of its contents.

15        169.    Mr. Merk denies the allegations in Paragraph 169, except admits that the

16   referenced document was issued, and lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations regarding attribution.  Mr. Merk refers to that document for a

18   complete and accurate statement of its contents.

19        170.    Mr. Merk denies the allegations in Paragraph 170, except admits that he reviewed

20   the referenced document, suggested an edit, and sent the referenced email.  Mr. Merk refers to

21   the referenced documents for a complete and accurate statement of their contents.

22        171.    Mr. Merk refers to the document referenced in Paragraph 171 for a complete and

23   accurate statement of its contents.

24        172.    Mr. Merk denies the allegations in Paragraph 172 and its subparts, except admits

25   receipt of certain of the emails referenced in Paragraph 172(a) and that Mr. Merk discussed

26   focusing on raising cash with the portfolio management team.  Mr. Merk refers to the referenced

27   emails and communications for a complete and accurate statement of their contents.

28

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

173.     Mr. Merk denies the allegations in Paragraph 173, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the CS&Co. representatives' communications with investors.

174.     Mr. Merk denies the allegations in Paragraph 174.

175.     Mr. Merk denies the allegations in Paragraph 175, except refers to YieldPlus's prospectuses, registration statements, and other filings with the SEC for a complete and accurate statement of YieldPlus's historical asset composition.

176.     Mr. Merk denies the allegations in Paragraph 176.

177.     Mr. Merk denies the allegations in Paragraph 177 and its subparts, and refers to the referenced document for a complete and accurate statement of its contents.

178.     Mr. Merk denies the allegations in Paragraph 178, except admits that the referenced document was issued, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding presentation, attribution, or use.  Mr. Merk refers to that document for a complete and accurate statement of its contents.

179.     Mr. Merk denies the allegations in Paragraph 179, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding attribution.  Mr. Merk refers to the referenced document for a complete and accurate statement of its contents.

180.     Mr. Merk denies the allegations in Paragraph 180.

181.     Mr. Merk denies the allegations in Paragraph 181.

182.     Mr. Merk denies the allegations in Paragraph 182.

183.     Mr. Merk denies the allegations in Paragraph 183.

184.     Mr. Merk denies the allegations in Paragraph 184, except admits that the CIO-Equities and Mr. Daifotis reported to Mr. Merk from about July 2007 until at least mid-2008.

185.     Mr. Merk denies the allegations in Paragraph 185.

186.     Mr. Merk denies the allegations in Paragraph 186.

187.     Mr. Merk denies the allegations in Paragraph 187, except admits that the CIO-Equities informed him of the Target Funds' intention to redeem.

188.     Paragraph 188 asserts legal conclusions to which no response is required.  To the

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

extent a response is required, Mr. Merk admits that CSIM served as an investment adviser to YieldPlus; that until 2007 he served as a trustee of Schwab Investments; that during certain periods he was an officer of CSIM and CS&Co.; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that CS&Co. served as an investment adviser to YieldPlus; and otherwise denies the allegations.

189.    Mr. Merk denies the allegations in Paragraph 189.

190.    Mr. Merk denies the allegations in Paragraph 190.

191.    Mr. Merk denies the allegations in Paragraph 191.

192.    Mr. Merk denies the allegations in Paragraph 192.

193.    Mr. Merk denies the allegations in Paragraph 193.

194.    Mr. Merk denies the allegations in Paragraph 194, except admits that Mr. Daifotis received bonuses and salary for the referenced period and that the long-term performance of the fixed income funds factored in the calculation of his bonuses.

195.    Mr. Merk denies the allegations in Paragraph 195, except admits that he received bonuses and salary for the referenced period and that the bonus calculation for executives of Charles Schwab Corporation reflected the performance of the Charles Schwab Corporation.

### SEC'S CLAIMS FOR RELIEF

#### First Claim for Relief

196.    Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

197.    Paragraph 197 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

198.    Paragraph 198 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

199.    Paragraph 199 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

200.    Paragraph 200 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

201.    Paragraph 201 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

**Second Claim for Relief**

202.    Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

203.    Paragraph 203 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

204.    Paragraph 204 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

205.    Paragraph 205 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

206.    Paragraph 206 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

**Third Claim for Relief**

207.    Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

208.    Paragraph 208 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

209.    Paragraph 209 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

210.    Paragraph 210 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

211.    Paragraph 211 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

212.    Paragraph 212 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

213.    Paragraph 213 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

214. Paragraph 214 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

**Fourth Claim for Relief**

215. Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

216. Paragraph 216 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

217. Paragraph 217 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

218. Paragraph 218 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

219. Paragraph 219 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

**Fifth Claim for Relief**

220. Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

221. Paragraph 221 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

222. Paragraph 222 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

223. Paragraph 223 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

224. Paragraph 224 asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Merk denies the allegations.

**Sixth Claim for Relief**

225. Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

226. Paragraph 226 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

227. Paragraph 227 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

228. Paragraph 228 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

229. Paragraph 229 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

**Seventh Claim for Relief**

230. Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

231. Paragraph 231 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

232. Paragraph 232 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

**Eighth Claim for Relief**

233. Mr. Merk incorporates by reference his responses to Paragraphs 1-195 as if fully set forth herein.

234. Paragraph 234 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

235. Paragraph 235 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

236. Paragraph 236 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

237. Paragraph 237 asserts legal conclusions to which no response is required.  To the extent a response is required, Mr. Merk denies the allegations.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

## SEC'S PRAYER FOR RELIEF

Mr. Merk denies that the SEC is entitled to the relief requested in any part of its prayer for relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Mr. Merk asserts the following defenses and affirmative defenses with respect to the causes of action asserted in the First Amended Complaint without assuming the burden of proof where the burden of proof rests on the SEC.

### First Defense

1.      The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      The SEC's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

3.      Mr. Merk is not liable because he did not make any false or misleading statement of material fact, or omit any material fact when he had a duty to speak, and is not responsible in law or in fact for any alleged false or misleading statement or omission of material fact by others.

### Fourth Defense

4.      The SEC's claims are barred on the grounds that Mr. Merk did not at any time act with the intent to deceive, manipulate, or defraud investors or anyone, nor did he act with "deliberate recklessness" with respect to any alleged misrepresentations, misstatements, or omissions of material fact.

### Fifth Defense

5.      The SEC's claims fail in whole or in part because Mr. Merk did not have ultimate authority over those allegedly false statements or omissions identified in the First Amended Complaint that he did not personally make.

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

**Sixth Defense**

6.     The SEC's claims fail in whole or in part because neither Mr. Merk nor the Schwab entities had a duty to disclose any allegedly omitted information.

**Seventh Defense**

7.     The SEC's claims are barred on the grounds that Mr. Merk did not at any time act with actual knowledge of a primary violation of the securities laws by others and his own role in furthering it.

**Eighth Defense**

8.     The SEC's claims are barred on the grounds that Mr. Merk did not provide substantial assistance to others in the commission of a primary violation of the federal securities laws.

**Ninth Defense**

9.      The SEC's claims are barred, in whole or in part, on the grounds that the truth of some or all of the matters now alleged to be false or misleading statements, acts, or omissions was publicly disclosed by YieldPlus in SEC filings and available to investors.

**Tenth Defense**

10.     The SEC's claims are barred, in whole or in part, on the grounds that it seeks to impose upon Mr. Merk disclosure obligations that are inconsistent with, or in excess of, those imposed by applicable law.

**Eleventh Defense**

11.     The SEC's claims are barred because at all times mentioned in the First Amended Complaint and with respect to all matters contained therein, Mr. Merk acted in good faith, and did not know, and in the exercise of reasonable care could not have known, of any misrepresentation, misleading statement or omission alleged in the First Amended Complaint.

**Twelfth Defense**

12.     The SEC's claims are barred on the grounds that any alleged misrepresentations or omissions by Mr. Merk would not have been deemed "material" by a reasonable investor in

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

light of the totality of the circumstances, including without limitation the disclosures in YieldPlus's SEC filings.

**Thirteenth Defense**

13.     The SEC's claims are barred, in whole or in part, because the alleged misstatements are non-actionable statements that contain expressions of opinion that the SEC has not alleged, and cannot prove, were not truly and reasonably held.

**Fourteenth Defense**

14.     The SEC's claims are barred because Mr. Merk did not directly or indirectly induce or cause any act or acts alleged in the First Amended Complaint to constitute a violation of the federal securities laws, including without limitation any such acts through or by means of any other person.

**Fifteenth Defense**

15.     The SEC's claims are barred, in whole or in part, because Mr. Merk did not breach any duty owed to YieldPlus, any investor in YieldPlus, or any other person or entity.

**Sixteenth Defense**

16.     The SEC's claims are barred, in whole or in part, because Mr. Merk did not improperly disclose any non-public, material information relating to YieldPlus in knowing violation of the federal securities laws.

**Seventeenth Defense**

17.     The SEC's claims are barred, in whole or in part, because Mr. Merk did not improperly allow any shareholder of YieldPlus to use material, non-public information for its benefit at the expense of other shareholders in knowing violation of the federal securities laws.

**Eighteenth Defense**

18.     The SEC's claims are barred, in whole or in part, because Mr. Merk did not act to obtain any improper personal benefit in connection with any of the alleged acts referenced in the First Amended Complaint or otherwise.

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

**Nineteenth Defense**

19.     The SEC is barred by the doctrines of waiver and estoppel from seeking relief based on any statement or alleged omission identified in its August 10, 2006 letter to Schwab. By failing to respond to Schwab's September 8, 2006 letter concerning these statements and alleged omissions, the SEC affirmatively waived its right to later use such statements as the basis of any claim and is thereby estopped from advancing such claims in this or any other action.  The SEC is further estopped from bringing claims based on statements or alleged omissions in any Schwab marketing materials in circulation as of August 10, 2006 through its failure to alert Schwab to such alleged deficiencies at that time.

**Twentieth Defense**

20.     Mr. Merk was entitled to rely, and did rely upon the opinions of professionals and experts in affixing his signature on, or authorizing the filing of, documents filed with the SEC, including the November 2006 Form 485B.  Mr. Merk acted with reasonable care at all times and he had no reasonable ground to believe, and did not believe, that any such filings contained any material misstatements or omissions.

**Twenty-First Defense**

21.     The SEC's claims are barred, in whole or in part, because Mr. Merk relied on the existence, role and expertise of other in-house and outside advisers to YieldPlus, including advisers providing legal, compliance and other similar services to the Fund.  Mr. Merk acted with reasonable care at all times and he had no reasonable ground to believe, and did not believe, that any of the legal, compliance, and other similar advice to the Fund was in any way unreasonable or inadequate.

**Twenty-Second Defense**

22.     To the extent the attorney-client privilege held by CS&Co., CSIM, Schwab Investments, or their affiliates is waived or deemed waived, Mr. Merk asserts that the SEC's claims are barred, in whole or in part, because he relied on the advice of counsel.

**Twenty-Third Defense**

23.     The SEC cannot establish control-person liability because Mr. Merk acted in good faith and did not induce or direct any of the acts, statements, or omissions that the SEC alleges constituted primary violations of the securities laws.

**Twenty-Fourth Defense**

24.     Mr. Merk hereby adopts and incorporates by reference any and all other defenses, including affirmative defenses, asserted by any other defendant to the extent such defenses apply to Mr. Merk.

**Reservation of Right to Assert Additional Defenses**

Mr. Merk reserves the right to allege other defenses and affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend his answer to allege such affirmative defenses at such time as they become known.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Mr. Merk prays that judgment in his favor be entered as follows:

1.     That Mr. Randall Merk be found not liable;

2.     That the SEC recover nothing from Mr. Merk;

3.     That the SEC not be granted the requested injunctive relief; and

4.     That this Court grant such other and further relief as it deems proper and just.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Mr. Merk hereby requests a trial by jury on all issues so triable.


DATED:  October 27, 2011                    BRUNE & RICHARD LLP


                                            By:  <u>/s/ Susan E. Brune</u>
                                                 Susan E. Brune (*pro hac vice*)
                                                 Laurie Edelstein (Bar No. 164466)
                                                 David Elbaum (*pro hac vice*)
                                                 MaryAnn Sung (*pro hac vice*)
                                                 Lee Taylor (Bar No. 243863)

                                                 *Attorneys for Randall Merk*

BRUNE & RICHARD LLP
235 Montgomery Street, Suite 1130
San Francisco, CA 94104

MERK'S ANSWER TO FIRST AMENDED COMPLAINT                    No. 3:11-cv-137-WHA