UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KIMON P. DAIFOTIS and RANDALL MERK,<br><br>Defendants. | Case No. CV-11-0137 WHA |

### [Proposed] FINAL JUDGMENT AS TO DEFENDANT RANDALL MERK

The Securities and Exchange Commission having filed a Complaint and Defendant Randall Merk having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 34(b) of the Investment Company Act of 1940 (the "Investment Company Act") [15 U.S.C. § 80a-33(b)] by making, in any registration statement, application, report, account, record or other document filed or transmitted pursuant to the Investment Company Act or the keeping of which is required pursuant to Section 31(a) of the Investment Company Act, any untrue statement of a material fact or omitting to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding, abetting, counseling, commanding, inducing, or procuring any violation of, or otherwise violating, Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(2)].  A violation of Section 206(2) of the Advisers Act includes an investment adviser using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding, abetting,

1   counseling, commanding, inducing, or procuring any violation of, or otherwise violating,

2   Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6 (4)] and Rule 206(4)-8 promulgated

3   thereunder [17 C.F.R. § 275.206(4)-8].   A violation of Section 206(4) of the Advisers Act

4   includes an investment adviser using the mails or any means or instrumentality of interstate

5   commerce, directly or indirectly, to engage in any act, practice or course of business which is

6   fraudulent, deceptive, or manipulative.   Pursuant to Rule 206(4)-8, fraudulent, deceptive, or

7   manipulative acts, practices, or courses of business include any investment adviser to a pooled

8   investment vehicle making any untrue statement of a material fact or omitting to state a

9   material fact necessary to make the statements made, in the light of the circumstances under

10   which they were made, not misleading, to any investor or prospective investor in the pooled

11   investment vehicle, or otherwise engaging in any act, practice, or course of business that is

12   fraudulent, deceptive or manipulative with respect to any investor or prospective investor in

13   the pooled investment vehicle.

14                                                   IV.

15           IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that

16   Defendant Randall Merk is liable for a civil penalty in the amount of $150,000 pursuant to

17   Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and Section 42(e) of the Investment

18   Company Act [15 U.S.C. § 80a-41(e)].   Defendant shall satisfy this obligation by paying

19   $150,000 within 14 days after entry of this Final Judgment to the Clerk of this Court, together

20   with a cover letter identifying Randall Merk as a defendant in this action; setting forth the title

21   and civil action number of this action and the name of this Court; and specifying that payment

22   is made pursuant to this Final Judgment.   Defendant shall simultaneously transmit

23   photocopies of such payment and letter to the Commission's counsel in this action.   By

24   making this payment, Defendant relinquishes all legal and equitable right, title, and interest in

25   such funds, and no part of the funds shall be returned to Defendant.   Defendant shall pay post-

26   judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

27           The Clerk shall deposit the funds received into an interest bearing account with the

28   Court Registry Investment System ("CRIS") or any other type of interest bearing account that

is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee on the income of the Fund to be determined in accordance with the fee schedule issued pursuant to 28 U.S.C. § 1914. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Fund shall be added to the fund established by the Court for distribution to harmed investors in the case pending in this district and styled as *SEC vs. Charles Schwab Investment Management, Inc., et al.,* Case No. CV-11-0136 WHA. The Fund shall be available for distribution pursuant to the Court-approved plan in that matter, which provides that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not argue, in any Related Investor Action, that he is entitled to, nor shall he further benefit by, offset or reduction of any compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty and shall not be deemed to change to amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf

~~[PROPOSED]~~ FINAL JUDGMENT                    -4-

1   of one or more investors based on substantially the same facts as alleged in the Complaint in

2   this action.

3                                              V.

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent

5   executed by Defendant Randall Merk is incorporated herein with the same force and effect as

6   if fully set forth herein, and that Defendant shall comply with all of the undertakings and

7   agreements set forth therein.

8                                              VI.

9        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

10  retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

11  Judgment.

12                                            VII.

13       There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of

14  Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without

15  further notice.

16

17       The Court will retain jurisdiction only for a period of three years from the date of this

18  order.

19

20  DATED:  November 21, 2011.

21                                                   _____
                                                     William Alsup
22                                                   UNITED STATES DISTRICT COURT

23

24

25

26

27

28